UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

John P. William,

    Plaintiff,

v.

Touchstone Property Management, LLC,

    Defendant,

_____/

## COMPLAINT

Plaintiff John P. William, by and through the undersigned counsel, hereby sues Defendant Touchstone Property Management LLC, on the grounds set forth herein.

### Introduction

1. This is an action by Plaintiff John P. William, under 42 U.S.C. §1981 (Civil Rights Act of 1866), to redress the injury done to him by the Defendant's discriminatory treatment and retaliation based on his Race and Color (Black).

### Jurisdiction And Venue

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended,

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

5. The venue of this action is properly placed in the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. §1391(b), since the unlawful alleged employment practices were committed in Duval County, within the jurisdiction of this Honorable Court.

## Parties

6. Plaintiff John P. William is a resident of Duval County, who was employed by Defendant Touchstone Property Management LLC, and is a member of certain protected classes of persons because of his Race and Color (Black).

7. Corporate Defendant (hereinafter Touchstone Properties, or "Defendant") is a Foreign Profit corporation authorized to conduct business in the State of Florida and within the jurisdiction of this Honorable Court.

8. At all times relevant to this complaint, Plaintiff John P. William was employed by Touchstone Property, and the parties had a contractual relationship with each other.

## Statement of Facts

9. Plaintiff John P. William is a 40 years old Black male. He is a resident of Duval County who was employed by Defendant Touchstone Properties. The Plaintiff is a member of certain protected classes of persons because of his Race and Color (Black).

10. Defendant Touchstone Properties is a business that provides property management services to Home-Owners Associations, Condominiums, and commercial and rental properties.

11. Defendant Touchstone Properties employed Plaintiff John P. William as a Property from approximately June 15, 2022, to December 09, 2022, or 25 weeks (5 months and 24 days).

12. Plaintiff worked at The Oaks of Panama Park, a Mobile Home Community located at 5035 N. Main St., Jacksonville, FL 32206.

13. Plaintiff was a full-time hourly employee, earning approximately $20.00 an hour.

14. Throughout his employment with Defendant, Plaintiff performed his duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed his duties without significant issue or controversy.

15. However, during the time Plaintiff was employed by Defendant, Plaintiff was subjected to unlawful acts of discrimination, such as harassment hostile

working environment, and was further subjected to different terms and conditions of employment, and finally, he was subjected to a discriminatory discharge because of his Race and Color.

16. While employed by Defendant, Plaintiff suffered discriminatory, disrespectful, and abusive treatment at the hands of Defendant's sub-contractor, a White male named Jake LNU.

17. Defendant's subcontractor discriminated Plaintiff on the basis of his Race and Color.

18. Every time Plaintiff, within the scope of his functions as a Property Manager, had to deal with the sub-contractor Jake LNU, he was subjected to highly offensive, derogatory, and discriminatory remarks and comments in reference to his Race and Color.

19. On or about September 2022, Plaintiff gave subcontractor Jake LNU some work-related indications. Subcontractor Jake LNU told Plaintiff that "He did not take orders from N……."

20. The frequent, severe, and offensive conduct of Defendant's subcontractor created a hostile work environment in violation of 42 U.S.C. §1981.

21. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated, and intimidated in his place of work. Plaintiff knew that his Employer was not protecting him from discrimination and harassment perpetrated by the subcontractor because

he was Black, and it would prefer to look for excuses to fire him instead of sanctioning the subcontractor.

22. Plaintiff tried to handle the situation and keep his employment. He commented about the discriminatory conduct of Jake LNU with his Regional Manager Bobby Randall (White).

23. However, on or about December 06, 2022, subcontractor Jake LNU called Plaintiff and two other coworkers the N… word and mixed breeds, among other racially offensive insults and comments.

24. This time, Plaintiff could not take it anymore, and on the same day, on or about December 06, 2022, Plaintiff formally complained to Regional Manager Bobby Randall (White). Mr. White stated that the Director of Operations, Ralph LNU (white), would arrive the next day (December 07, 2022) to handle the situation.

25. The Director of Operations, Ralph LNU, showed up the next day, but he spoke only to subcontractor Jake LNU.

26. Director of Operations Ralph LNU never talked to Plaintiff or other aggravated coworkers.

27. Defendant did not investigate the alleged Race and Color discrimination, it did not sanction anybody, and Plaintiff's complaints were ignored.

28. After Plaintiff's complaint, nothing changed. On the contrary, Plaintiff began to suffer increased retaliatory harassment.

29. On or about December 08, 2022, Plaintiff complained once again to Regional Manager Bobby Randall (White) that subcontractor Jake LNU not only continued his illegal conduct discriminating and harassing Plaintiff on the basis of his Race and Color, but he was threatening to cause him bodily injuries.

30. The Regional Manager, Bobby Randall, stated he would speak to the Director of Operations, Ralph LNU, to address the issue.

31. The next day, on or about December 09, 2022, when Plaintiff arrived at work, Regional Manager Bobby Randall (White) asked Plaintiff for the keys and informed Plaintiff that he was fired.

32. Plaintiff asked why he was being fired, and Director of Operations Ralph LNU stated, "because there have been too many incidents."

33. On or about December 09, 2022, Plaintiff was retaliatorily discharged by Defendant and his human and civil rights were violated. Plaintiff's discharge was directly and proximately caused by Defendant's unjustified discrimination and harassment because of Plaintiff's Race and Color. Defendant retaliated against Plaintiff because he complained about Race and Color Discrimination at the workplace. Defendant's conduct is in violation of both Federal and State Laws.

34. Defendant Touchstone Properties is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures

to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, was occurring.

## COUNT I:
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981, DISCRIMINATION BASED ON RACE AND COLOR

35. Plaintiff John P. William re-adopts every factual allegation as stated in paragraphs 1-34 above as if set out in full herein.

36. This is an action against Touchstone Properties for unlawful discrimination pursuant to 42 U.S.C., Section 1981.

37. At all times material hereto, Defendant Touchstone Properties was an "employer" within the meaning of Section 42 U.S.C. §1981.

38. At all times material hereto, Plaintiff John P. William was an "employee" and had a contractual relationship with Defendant within the meaning of 42 U.S.C. §1981.

39. Plaintiff John P. William had at all times material, and continues to have, a federally protected constitutional right to make and enforce contracts, to sue, to be parties, to give evidence, and to be free from racially-based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges terms and conditions of the contractual relationship of his employment at Touchstone Properties.

40. Defendant has intentionally engaged in unlawful employment practices and discrimination, in violation of 42 U.S.C. § 1981, by treating Plaintiff differently from similarly situated employees because of his Race and Color.

41. Defendant subjected Plaintiff John P. William to different adverse employment actions, including but not limited to the following acts and omissions: harassment, hostile working environment, and wrongful termination.

42. The effects of the practices referenced above have been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his Race and Color.

43. As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under 42 U.S.C. § 1981, by treating him differently from similarly situated employees and subjecting him to racial harassment because of his Race and Color, Plaintiff has suffered damages. His damages include back pay, front pay, loss of benefits, future monetary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

44. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

45. The actions of Defendant Touchstone Properties and/or agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant Touchstone Properties for its actions and to deter it, and others, from such actions in the future.

46. Plaintiff John P. William has retained the undersigned counsel to prosecute his claims, and he is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

Prayer For Relief

Wherefore, Plaintiff John P. William respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff John P. William and against Defendant Touchstone Properties based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing, including attorney's fees; and

E. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

## Demand for a Jury Trial

Plaintiff John P. William demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## RETALIATION, IN VIOLATION OF THE CIVIL RIGHTS OF 1866, 42 U.S.C., SECTION 1981

47. Plaintiff John P. William re-adopts every factual allegation as stated in paragraphs 1-34 of this complaint as if set out in full herein.

48. Plaintiff John P. William and Defendant Touchstone Properties had a contractual relationship.

49. Defendant Touchstone Properties precluded Plaintiff from performing the stated contractual relationship when Defendant terminated Plaintiff.

50. Defendant terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on Race and Color, as more particularly described above.

51. Plaintiff was unable to enjoy all the benefits, privileges, terms, and conditions of their contractual relationship.

52. The actions of Defendant Touchstone Properties and/or agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant Touchstone Properties for its actions and to deter it, and others, from such actions in the future.

53. The Plaintiff has retained the undersigned counsel to prosecute his claims and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

Prayer For Relief

Wherefore, Plaintiff John P. William respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendant Touchstone Properties based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing, including attorney's fees; and

E. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

<u>Demand for a Jury Trial</u>

Plaintiff John P. William demands trial by a jury of all issues triable as of right by a jury.

Date: December 31, 2022

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:	(305) 446-1500
Facsimile:	(305) 446-1502
zep@thepalmalawgroup.com
   *Attorney for Plaintiff*